THE STATE, EX REL. WORCESTER, *v.* DONNELLON, JUDGE, HAMILTON COUNTY MUNICIPAL COURT.

[Cite as State, ex rel. Worcester, *v.* Donnellon (1990), 49 Ohio St. 3d 117.]

(No. 89-1795 — Submitted December 5, 1989 — Decided February 28, 1990.)

*C. D. Mullenix,* for relator.

*Arthur M. Ney, Jr.,* prosecuting attorney, *Philip R. Cummings* and *William E. Breyer,* for respondent.

*Per Curiam.* "In order to grant a writ of mandamus, a court must find that the relator has a clear legal right to the relief prayed for, that the respondent is under a clear legal duty to perform the requested act, and that relator has no plain and adequate remedy at law." *State, ex rel. Westchester Estates, Inc.,* v. *Bacon* (1980), 61 Ohio St. 2d 42, 15 O.O. 3d 53, 399 N.E. 2d 81, paragraph one of the syllabus.

In Ohio a court speaks through its journal. Accordingly, it is imperative that the court's journal reflect the truth. In *Hollister* v. *Judges of Dist. Court* (1857), 8 Ohio St. 201, 70 Am. Dec. 100, we directed the judges of the District Court of Lucas County to order the clerk of courts to correct a bill of exceptions that had been altered by the trial court outside the court-room without consultation with the defendants or their attorneys. We stated:

"Every court of record has a

supervisory and protecting charge over its records and the papers belonging to its files; and may at any time direct the correction of clerical errors, or the substitution of papers in case the originals are purloined or lost; and, in the exercise of the same authority, in the case the records or files should be fraudulently or otherwise improperly altered or defaced, may direct their corrections and restoration to their original condition." *Id.* at 203, 70 Am. Dec. at 101.

There is a factual distinction between a court fraudulently altering its records and ordering an incorrect journal entry. Nevertheless, we have the same result: a court record which is not accurate. This court in *Hollister, supra,* directed the trial court to correct the altered records so that they would reflect their original condition.

In *Stugard* v. *Pittsburgh, C.C. & St. L. Ry. Co.* (1915), 92 Ohio St. 318, 110 N.E. 956, in which the plaintiff sought to have a reversal by the court of appeals set aside due to what he considered a defective journal entry, we held:

"In a proper case a party could preserve his exception to the action of the court by a bill of exceptions, duly authenticated, or could procure the statement of the facts in the entry of the court, and if the court should refuse such bill or such statement in the entry it could be *compelled by mandamus to correct its record.*" (Emphasis added.) *Id.* at 322, 110 N.E. at 957.

In *State, ex rel. Warner,* v. *Baer* (1921), 103 Ohio St. 585, 134 N.E. 786, this court refused to issue a writ of mandamus because of an agreement of the parties that the journal entry would not state that the jury verdict was rendered by eleven jurors instead of by twelve. We further stated, however:

"It is of course argued that the journal imports absolute verity and that it cannot be collaterally attacked. It does not seem profitable to discuss the question whether this proceeding is a direct or collateral attack upon the record, *and it would seem to be the better practice to require in all instances that the records of courts of justice speak the truth; and in those instances where it can be shown that they do not speak the truth, the courts should be quick to require their correction and that they be made to speak the truth so far as the truth can be made to appear.*" (Emphasis added.) *Id.* at 588, 134 N.E. at 787.

We went on to state that if there had been no agreement as to the journal entry and the entry was incorrect, then we would "have no hesitation in ordering the journal corrected." *Id.* at 589, 134 N.E. at 788.

All courts have a clear legal duty to have their journals reflect the truth. All litigants have a clear legal right to have the proceedings they are involved in correctly journalized. Although the issue of a corrected journal entry could, at some point, be a matter for appeal, it is not presently appealable since the order journalizing the circumstances of the continuance is an interlocutory order and is not a judgment or a final order that is subject to appeal. See *Klein* v *Bendix-Westinghouse Automotive Air Brake Co.* (1968), 13 Ohio St. 2d 85, 42 O.O. 2d 283, 234 N.E. 2d 587. This court has for over one hundred years recognized the importance of a court's records being correct and has had no problem in issuing a writ of mandamus to correct errors. We noted in *Warner, supra,* that a court must be "quick" in requiring correction.

In the case *sub judice,* it is clear from a reading of the transcript and

an examination of the exhibits that the journal entry is incorrect. We must, therefore, direct the trial court to journalize the correct circumstances of the continuance.

Respondent's argument that the journal entry is a matter of judicial discretion fails because entering an incorrect journal entry is a clear abuse of discretion.

Accordingly, the motion to dismiss this complaint is overruled. We allow a writ ordering the trial court to correct its journal to reflect the fact that the continuance was not granted at relator's request.

*Writ allowed.*

MOYER, C.J., HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.

SWEENEY and RESNICK, JJ., concur in judgment only.