This court enters Nunc Pro Tunc as to the opinion and judgment entry filed November 23, 1998 to reflect the panel of judges should be Hon. Sheila G. Farmer, P.J., Hon. W. Scott Gwin, J. and Hon. William B. Hoffman, J. instead of Hon. Sheila G. Farmer, P.J., Hon. W. Scott Gwin, J. and Hon. W. Don Reader, J.
Furthermore, this Nunc Pro Tunc is to reflect the separate concurrence by Hon. William B. Hoffman.
It is so ORDERED.
 OPINION
Appellant, Alfred Tesch, II, is no stranger to the criminal justice system. Since 1991, appellant has been involved in at least twelve cases in the Massillon Municipal Court. See, Appendices I and II.
On August 3, 1997, this court granted appellant leave to file a delayed appeal on all his pending cases. On August 8, 1997, appellant filed a notice of appeal of the trial court's July 11, 1997 journal entries wherein the trial court modified appellant's various jail sentences. The scope of our review is limited to the propensity of the modifications as they relate to the assignments of error presented:
I
 THE TRIAL COURT ERRED AS A MATTER OF LAW AND VIOLATED OHIO REVISED CODE SECTION 2929.51 WHEN IT TRIED TO PUNISH THE APPELLANT AND COLLECT MONEY FROM THE APPELLANT FOR FINES LEVIED MORE THAN TWO YEARS BEFOREHAND.
II
 THE TRIAL COURT ERRED AS A MATTER OF LAW AND VIOLATED OHIO REVISED CODE SECTION 2947.14 WHEN IT ATTEMPTED TO PUNISH THE APPELLANT WITH JAIL TIME FOR FAILING TO PAY FINES.
III
 THE TRIAL COURT DENIED THE APPELLANT HIS CONSTITUTIONAL RIGHT TO DUE PROCESS BY FAILING TO HOLD A HEARING ON APPELLANT'S ALLEGED CONTEMPT, BY FAILING TO ALLOW APPELLANT TO CROSS EXAMINE WITNESSES AGAINST HIM, BY FAILING TO ALLOW APPELLANT TO CALL WITNESSES IN HIS OWN DEFENSE, BY FAILING TO APPRAISE APPELLANT IN WRITING OF THE CHARGES AGAINST HIM, BY FAILING TO PROVIDE APPELLANT WITH TIME TO PREPARE HIS DEFENSE, AND BY FAILING TO PROVIDE THE APPELLANT WITH THE OPPORTUNITY TO RETAIN COUNSEL.
IV
 THE TRIAL COURT ERRED AS A MATTER OF LAW AND VIOLATED APPELLANT'S DUE PROCESS RIGHTS IN REVOKING APPELLANT'S PROBATION AFTER THE RUNNING OF THE PROBATION PERIOD.
V
 THE TRIAL COURT DENIED THE APPELLANT HIS CONSTITUTIONAL RIGHTS TO DUE PROCESS AND EQUAL PROTECTION WHEN IT BROKE ITS BARGAIN WITH APPELLANT.
VI
 THE TRIAL COURT DENIED THE APPELLANT HIS CONSTITUTIONAL RIGHT TO DUE PROCESS AND AGAINST SELF-INCRIMINATION WHEN IT ABANDONED ITS ROLE AS AN IMPARTIAL ARBITER AND TOOK ON THE ROLE OF PROSECUTOR.
VII
 THE TRIAL COURT ERRED AND VIOLATED APPELLANT'S CONSTITUTIONAL RIGHTS IN IMPOSING A MISDEMEANOR SENTENCE UPON APPELLANT MORE THAN FIVE YEARS AFTER HIS CONVICTION.
 I, II
Appellant claims the trial court erred in ordering appellant to pay fines imposed more than two years prior to the date of the hearing and in ordering appellant to serve jail time for his failure to pay his fines.
R.C. 2929.51 provides for suspension of fines and costs when sentencing a misdemeanant offender:
 (C) At the time of sentencing and after sentencing, when a fine is imposed for a misdemeanor, the court may do either of the following:
 (1) Suspend all or any portion of the fine, upon any conditions that the court imposes in the interests of justice and the corrrection and rehabilitation of the offender;
 (2) Permit payment of all or any portion of the fine in installments, or by any other method and in any time and on any terms that the court considers just, except that the maximum time permitted for payment shall not exceed two years.
Further, R.C. 2947.14 provides for imprisonment for the satisfaction of fines and costs after a hearing:
 (C) If the court or magistrate has found the offender able to pay a fine at a hearing conducted in compliance with divisions (A) and (B) of this section, and the offender fails to pay the fine, a warrant may be issued for the arrest of the offender. Any offender held in custody pursuant to such an arrest shall be entitled to a hearing on the first regularly scheduled court day following the date of arrest in order to inform the court or magistrate of any change of circumstances that has occurred since the time of sentencing and that affects his ability to pay the fine. The right to the hearing on any change of circumstances may be waived by the offender.
 At the hearing to determine any change of circumstances, the offender has the right to testify and present evidence as to any portion of his income, assets, or debts that has changed in such a manner as to affect his ability to pay the fine. If a court or magistrate determines, after considering any evidence presented by the offender, that the offender remains able to pay the fine, that determination shall be supported by a judgment entry that includes findings of fact upon which such a determination is based.
Appellant concedes in all of his cases, he was given a payment plan within the two year guideline of R.C. 2929.51. However, appellant argues all of his cases are beyond the two year time limit except for Case Nos. 95TRD7308 and 95TRC9794M therefore, the trial court is barred from collecting those fines or from modifying the orders. In our review of the dockets, we find the trial court made substantial efforts to have the fines paid within two years and it was appellant's own actions of absencing himself from the court that caused the delay.
On March 13, 1995, all of appellant's pending fines were granted new payment plans as well as numerous extensions and modifications prior to this date.[1] In Case No. 95TRC2168M, appellant was ordered apprehended on May 26, 1995, June 8, 1995 and April 26, 1996, for his failure to appear for a scheduled trial. We find the final warrant for appellant's arrest tolled the two year fine payment schedule required by R.C. 2929.51. Because appellant was a fugitive from justice, the trial court was not able to conduct any hearings under R.C. 2947.15. Given the facts sub judice, the trial court did not violate R.C. 2929.51 by resetting the fine payment schedule on July 11, 1997.
Appellant also argues the trial court erroneously imposed jail time for the fines owed without a hearing as required under R.C. 2947.14. Appellant argues the numerous modifications of the fine payment plans were in error because he was never afforded a hearing to establish his indigency or lack of financial means to pay the fines. From our review of the record of the cases from 1991 to 1995, the last modification was on March 13, 1995, prior to the April 24, 1997 and July 11, 1997 hearings. Appellant did not request a hearing pursuant to R.C. 2947.14 and did not timely file an appeal regarding these modifications therefore, any objections are beyond the jurisdiction of this court.
In Case No. 95TRC9794M, the trial court was informed of appellant's inability to pay his fines via a motion filed on April 24, 1997. The trial court's record does not address this issue. By journal entry filed April 24, 1997, the trial court imposed a $1000 fine plus court costs and sentenced appellant to one year in jail with "a consideration by the trial court for early release" after ninety days and a substantial effort to pay off all fines and court costs. No appeal was filed as to this order.
On June 13, 1997, appellant applied for modification of his sentence. By journal entry filed July 11, 1997, the trial court modified the sentence giving appellant credit for one hundred days of jail time served and suspended the remaining days with probation conditions. The trial court did not address appellant's request for a waiver of the $1000 fine. Therefore, in Case No. 95TRC9794M, appellant is entitled to a hearing pursuant to R.C.2947.14 on the fine issue.
In Case No. 95TRD7308, appellant was ordered to serve thirty days in jail and pay a $100 fine plus court costs. See Journal Entry filed August 2, 1995. On April 24, 1997, appellant filed a motion to waive the fine. Upon review, we find this motion was untimely filed. Also, the sentencing entry as to jail time filed by the trial court on April 24, 1997 does not apply because this court cannot find anything that would indicate appellant did not serve the original jail sentence. The trial court did modify the jail sentence from one hundred eighty days to one hundred days which we find to be in error given the fact appellant had already served the sentence. Further, we do not find appellant was serving jail time in lieu of paying his fine because appellant was still serving his jail sentence for Case No. 95TRC9794M between April 4, 1997 and July 11, 1997.
Case No. 95TRC2168 is identical to the situation in Case No. 95TRD7308 in that appellant had already served his jail time per docket entry dated October 31, 1995. No credit for jail time was given on these two cases during appellant's incarceration between April 4, 1997 and July 1, 1997. Again, we do not find appellant was incarcerated for the fine due in Case No. 95TRC2168 as there was still an unserved jail sentence in Case No. 95TRC9794M.
We conclude between April 4, 1997 and July 11, 1997, appellant was incarcerated in the Stark County Jail on a one year jail sentence for Case No. 95TRC9794M. On July 11, 1997, with the modification of sentence, appellant began a fine payment schedule of $200 per month commencing August 17, 1997 on all unpaid fines on all cases. We find appellant was never incarcerated for unpaid fines.
Assignment of Error I is denied. Assignment of Error II is granted only as to a hearing on appellant's motion for waiver of fines in Case No. 95TRC9794M.
 III
Appellant claims the term of incarceration from April 4, 1997 through July 1, 1997 was for unpaid fines in all cases except Case No. 95TRD9794M. We disagree.
We have addressed this issue at length in the previous assignments of error. The April 27, 1997 hearing before the trial court was not a contempt hearing as appellant claims.
Assignment of Error III is denied.
 IV
Appellant argues in the alternative, if any of the entries are revocations of probation, they are void as being beyond the five year period of probation as defined in R.C. 2951.02. We disagree the July 11, 1997 journal entries were revocations of probation.
On June 13, 1997, appellant filed motions to modify his sentences. By journal entries filed July 11, 1997, the trial court modified the sentences. No motion was made to terminate the probation or terms of probation. Further, appellant had absented himself from the jurisdiction of the court when he failed to appear for Case No. 92CRB293 on July 28, 1995, for Case No. 94TRD4150 on May 30, 1996, and for Case No. 94TRC6819M on May 26, 1995 and August 2, 1995. Clearly any probation period on Case Nos. 92CRB293 and 94TRC6819M would be tolled by the issuance of the bench warrant.
The probation order in Case No. 92TRD8554 would have expired on November 25, 1997, in Case No. 93TRC1951 on March 9, 1998, and in Case No. 93TRD453 on February 3, 1998. The probation periods on the remaining cases were still within the time limits and were tolled by the outstanding bench warrants. In addition, appellant filed his notice of appeal on August 8, 1997, before any of the probation periods would have expired.
Assignment of Error IV is denied.
 V, VI
Appellant claims the trial court's involvment in the plea negotiations of April 24, 1997 violated his constitutional rights to a fair and impartial arbiter and made his plea involuntary. Appellant argues his plea in Case No. 95TRC9794M should be found involuntary and void. We disagree.
Appellant's plea was entered on April 24, 1997. As previously noted, appellant neither timely appealed the plea nor requested the trial court to set aside or vacate the plea pursuant to Crim.R. 32.1. Any such motion at this time would be untimely unless appellant can establish "manifest injustice."
The trial court's App.R. 9(C) statement filed sub judice
states the following agreement was made:
 On April 24, 1997, the Defendant agreed to the proposed plea agreement as drafted by Defendant's counsel. Defendant plead no contest to the DUI, DUS and Drug Abuse charges in Case No. 95-TRC-9794 M, N, O. The Court found the Defendant `GUILTY' on all charges and imposed the agreed upon sentence as drafted by the Defendant's counsel covering the DUI charge only. The sentence of the Court was; a 365-day jail sentence, a $1,000.00 fine, a 10-year license suspension and 250 hours community service, with all but 90 days of jail suspended and credit for 21 days of jail already served. All jail time previously imposed on Defendant's prior criminal and traffic cases would be run concurrently and be modified to end after 90 days. Judge Elum stated that the license suspension, community service, fine and jail sentence would all be modified in the favor of Defendant if he or his family paid $1,000.00 on his outstanding fines and Defendant was evaluated by Quest Recovery Services and followed all recommendations.
Appellant pled no contest and was sentenced to one year in jail. The trial court did not suspend any of the jail sentence but did make the statement the "Court will consider early release after 90 days provided Quest Evaluation is in and defendant is willing to comply with recommendations. All fines and court costs to be substantially paid." See, Journal Entry filed April 24, 1997. The trial court released appellant after one hundred days of incarceration. The App.R. 9(C) statement conflicts with the journal entry and record of the trial court. It is axiomatic that in Ohio, a court speaks through its journal. State ex rel.Worcester v. Donnellon (1990), 49 Ohio St.3d 117.
We must conclude that the journal entry is controlling. We find the trial court reconsidered appellant's sentence upon appellant's June 13, 1997 motion and modified his sentence to suspend all but one hundred days. From the trial court's candid admission in the App.R. 9(C) statement, we conclude ten days of appellant's incarceration is considered by the trial court to be in error. Therefore, pursuant to R.C. 2947.64, we give appellant credit on his fines of $30 per day for ten days. We fail to find any "manifest injustice" because the journal entry of April 24, 1997 was clear on its face that no time had been suspended, and appellant never appealed this entry nor requested to withdraw his plea. This thirteenth hour attack on the plea is clearly untimely.
Assignments Error V and VI are denied in part.[2] Fines are modified to reflect credit for ten days in jail at $30 per day or $300.
 VII
Appellant claims the trial court erred in making him serve jail time for sentences more than five years old. We disagree.
Appellant claims State v. Zucal (1998), 82 Ohio St.3d 215, paragraph two, three and four of the syllabus, is applicable subjudice:
 2. Any sentence resulting from a conviction of a misdemeanor offense that is not completed within five years from the date of sentencing must be vacated.
 3. Sentences may continue to be modified, in accordance with applicable law, within the five-year period after imposition of sentence.
 4. No modification of sentence may occur after five years from the date of sentencing.
We find Zucal to be distinguishable from the case sub judice.
On March 13, 1995, appellant had an outstanding warrant for his arrest for failure to appear in the Massillon Municipal Court on Case No. 92CRB293. We find appellant was voluntarily absent from the trial court which tolled any five year cut off period on this case. In Case Nos. 91CRB1224 and 91CRB2287, the jail time was suspended. The record does not demonstrate the trial court reimposed these sentences therefore, there has been no violation of Zucal.
Assignment of Error VII is denied.
The judgment of the Massillon Municipal Court of Stark County, Ohio is hereby affirmed in part and reversed in part.
By Farmer, P.J., Gwin, J. and Reader, J. concur.
[1] Motions for waiver of fines were filed on April 24, 1997 in all pending cases.
[2] The proposed attachment of a video transcript from the April 8, 1998 hearing is not provided by a certified court reporter nor filed in the case. Because of these errors, we will not consider it.
 APPENDIX I FINE PAYMENT ENTRIES
92CRB293 02/24/92 Defendant fined $100 and court costs and put on payment plan.
02/03/93 Fine payment plan modified.
10/12/93 Removed from work program.
06/15/94 Fine payment plan modified.
10/19/94 Fine payment plan modified.
03/13/95 Fine payment plan modified.
07/28/95 Deft. ordered apprehended/bench warrant issued.
01/08/96 Deft. ordered apprehended/bench warrant issued.
92TRD8554 11/25/92 Defendant fined $100 and court costs and put on payment plan.
02/03/93 Fine payment plan modified.
06/15/94 Fine payment plan modified.
08/31/94 Deft. ordered apprehended.
10/19/94 Fine payment plan modified.
03/13/95 Fine payment plan modified.
93TRD453 02/03/93 Defendant fined $25 and court costs and put on payment plan.
06/15/94 Fine payment plan modified.
08/31/94 Fine payment plan modified.
10/19/94 Fine payment plan modified.
03/13/95 Fine payment plan modified.
93TRC1951 03/09/93 Defendant fined $400 and court costs, $150 suspended on condition of no alcohol offenses for two years.
05/18/93 $150 of suspended fine reimposed.
06/15/94 Fine payment plan modified.
08/31/94 Deft. ordered apprehended.
10/19/94 Fine payment plan modified.
03/13/95 Fine payment plan modified.
94TRD4150 10/19/94 Defendant fined $150 and court costs and put on payment plan.
11/30/94 Show cause hearing set.
03/13/95 Fine payment plan modified.
05/10/96 Bench warrant issued.
94TRD5124 06/15/94 Defendant fined $100 and court costs and put on payment plan.
03/13/95 Fine payment plan modified.
08/02/95 Defendant ordered apprehended.
94TRC6819M 10/19/94 Defendant fined $600 and court costs and put on payment plan.
03/13/95 Fine payment plan modified.
08/02/95 Defendant ordered apprehended.
 APPENDIX II ENTRIES AS TO JAIL TIME
92CRB293 02/24/92 180 days in jail, 150 days suspended on the condition of no convictions for two years. Credit for 10 days served.
02/29/92 Jail time modified by Stark County Jail.
09/05/95 Jail time modified by Judge Fellmeth.
04/24/97 Jail time modified by Judge Elum.
07/11/97 Jail time modified by Judge Elum.
92TRD8554 11/25/92 180 days in jail, 175 days suspended on the condition of good behavior.
02/03/93 Jail time modified by Judge Kettler.
04/24/97 Jail time modified by Judge Elum.
07/11/97 Jail time modified by Judge Elum.
93TRC1951 03/09/93 30 days in jail, 27 days suspended on the condition of no DUI's for two years.
04/24/97 Jail time modified by Judge Elum.
07/11/97 Jail time modified by Judge Elum.
 94TRD4150 04/04/97 180 days in jail, 90 days suspended.
04/24/97 Jail time modified by Judge Elum.
07/11/97 Jail time modified by Judge Elum.
94TRD5124 06/15/97 30 days in jail, suspended on the condition of no further offenses.
04/24/97 Jail time modified by Judge Elum.
07/11/97 Jail time modified by Judge Elum.
 94TRC6819M 10/19/94 180 days in jail, 90 days suspended.
04/24/97 Jail time modified by Judge Elum.
07/11/97 Jail time modified by Judge Ellum.
95TRC2168M 03/10/95 360 days in jail, 290 days suspended.
04/24/97 Jail time modified by Judge Elum.
07/11/97 Jail time modified by Judge Elum.
 95TRD7308 08/02/97 180 days in jail, 150 days suspended.
04/24/97 Jail time modified by Judge Elum.
07/11/97 Jail time modified by Judge Elum.