Defendant-appellant Donald N. Walker appeals his convictions entered by the Licking County Municipal Court on one count of operating a motor vehicle under the influence of alcohol, in violation of R.C. 4511.19(A)(1), and one count of operating a motor vehicle without two headlights displayed, in violation of R.C. 4513.14. Plaintiff-appellee is the State of Ohio.[1]
 STATEMENT OF THE FACTS AND CASE
On June 2, 1998, appellant was arrested for operating a motor vehicle under the influence of alcohol, in violation of R.C.4511.19(A)(1) and (A)(4), and one count of operating a motor vehicle without two headlights displayed, in violation of R.C.4513.14. At his initial appearance on June 10, 1998, appellant entered pleas of not guilty to the charges. Appellant filed a Demand for Discovery, Bill of Particulars, and Plaintiff's Intended Evidence in Chief. Via Court Order dated June 24, 1998, the trial court scheduled a jury trial for August 3, 1998.
On July 15, 1998, appellant filed a motion to dismiss based upon the State's failure to respond to his discovery demands, or in the alternative, a motion to compel. Via Judgment Entry dated July 16, 1998, the trial court ordered the State to provide discovery forthwith. The State complied with the trial court's order on July 22, 1998.
On July 27, 1998, the State filed a motion to continue the trial based upon the unavailability of two essential witnesses on the scheduled trial date. Via Judgment Entry dated July 29, 1998, the trial court granted the State's motion for a continuance, finding said request to be reasonable pursuant to R.C. 2945.72(H). In the same judgment entry, the trial court rescheduled the trial for November 23, 1998.
Also on July 27, 1998, appellant filed a motion to suppress the blood alcohol test results. Via Judgment Entry dated July 30, 1998, the trial court overruled appellant's motion without a hearing. Appellant filed a motion to reconsider on August 3, 1998. The trial court scheduled an oral hearing on that motion for September 8, 1998. Via Judgment Entry dated October 6, 1998, the trial court denied appellant's motion to reconsider without conducting the scheduled oral hearing.
On November 20, 1998, appellant filed a motion to dismiss alleging a violation of his speedy trial rights. On the morning of trial on November 23, 1998, appellant withdrew his pleas of not guilty and entered pleas of no contest to all the charges. The trial court entered findings of guilt and sentenced appellant on the OMVI charges. The trial court journalized the findings and sentence via Judgment Entry of Conviction dated November 23, 1998. Although the trial court made an oral pronouncement of its finding of guilt and sentence on the headlight charge at the change of plea hearing, such was not journalized.
It is from these convictions appellant prosecutes this appeal, raising the following assignments of error:
 I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S SPEEDY TRIAL MOTION.
 II. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION TO SUPPRESS AND/OR HIS MOTION TO RECONSIDER.
 III. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION FOR FINDING APPELLANT GUILTY OF VIOLATING R.C. 4511.19(A)(4).
We cannot reach the merits of appellant's arguments at this time. Upon review of the record, we find appellant's charge under R.C. 4513.14 remains pending. Although a review of the transcript of the change of plea hearing reveals the trial court orally pronounced a finding of guilt on the headlight violation and declared the sentence it intended to impose, the trial court did not journalize this disposition. It is axiomatic in Ohio a court speaks only through its journal.State ex rel. Worcester v. Donnellon (1990), 49 Ohio St.3d 117. Because the trial court has failed to dispose of all the charges, the order appealed from is not yet a final, appealable order. See, R.C. 2505.02.
Accordingly, we must dismiss the case for lack of jurisdiction.
By: Hoffman, J.; Gwin, P.J. and Farmer, J. concur
_____________________________
_____________________________
 _____________________________ JUDGES
For the reasons stated in our accompanying Memorandum-Opinion, this case is dismissed for lack of jurisdiction. Costs assessed to appellant.
____________________________
____________________________
 ____________________________ JUDGES
[1] The State did not file a brief in this Court.