OPINION
Defendant-appellant Jackie R. Stack appeals his convictions and sentences entered by the Licking County Municipal Court on two counts of driving while under the influence of alcohol, in violation of R.C. 4511.19(A)(1) and (4); one count of failure to wear a safety belt, in violation of R.C. 4513.263; and one count of failure to have his license plate properly illuminated, in violation of R.C. 4513.05. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
App. R. 16(A) provides: The appellant shall include in its brief, under the headings and in the order indicated, all of the following:
* * *
 (6) A statement of facts relevant to the assignments of error presented for review, with appropriate references to the record in accordance with division (D) of this rule.
In his brief to this Court, appellant's statement of facts reads in toto: The "facts" from the officer's/appellee's perspective, leading up to the arrest, are noted in the officer's written statement, Exh. E.
Appellant provided a urine sample, and the test report was "Alcohol Result: 0.237 Grams of Ethyl Alcohol per 100 ml." (Exh. F).
The rest of the "facts" upon which the court relied to deny appellant's motion to suppress, are contained in the transcript of proceedings (07/15/99 suppression hearing transcript).
Clearly, the aforementioned does not satisfy App. R. 16(A)(6); therefore, appellant's brief is noncompliant. Because appellant failed to comply with App. R. 16, such deficiency is tantamount to the failure to file a brief. Although this Court has the authority under App. R. 18(C) to dismiss this appeal for want of prosecution, we, nonetheless, in the interest of justice, will address appellant's arguments. On May 16, 1999, appellant was arrested and cited for violations of R.C. 4511.19(A)(1) and (4); R.C. 4513.263; and R.C. 4513.05. At his arraignment on May 19, 1999, appellant entered pleas of not guilty to all the charges. The trial court scheduled a jury trial for July 19, 1999. Appellant filed a Motion to Suppress on June 25, 1999, which the trial court scheduled for oral hearing on July 15, 1999. At the commencement of the hearing on the motion to suppress, the trial court overruled the first branch of appellant's motion, in which he sought to suppress the urine alcohol test results because the citation did not report the results in grams by percent of weight. The hearing proceeded on the second branch of appellant's motion, in which appellant alleged the State failed to comply with the Ohio Department of Health Regulations relative to the witnessing and handling of appellant's urine sample. Upon conclusion of the evidence, the trial court overruled appellant's motion in its entirety. The trial court memorialized its decision in a Judgment Entry filed July 19, 1999. On July 19, 1999, appellant changed his pleas of not guilty to no contest to all the charges. After accepting the pleas, the trial court found appellant guilty of all the charges. Pursuant to R.C. 4511.19(C), the trial court sentenced appellant only on R.C. 4511.10(A)(1), rather than both (A)(1) and (4). Additionally, the trial court sentenced appellant on the two traffic violations. The judgment entries of convictions were filed on July 19, 1999. It is from these convictions and sentences appellant prosecutes this appeal, raising the following assignments of error:
 I. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION BY DENYING BRANCH 1, APPELLANT'S MOTION TO SUPPRESS.
 II. THE TRIAL COURT ERRED IN SENTENCING APPELLANT FOR VIOLATING R.C. 4511.19(A)(1).
 III. THE TRIAL COURT ERRED IN DENYING BRANCH 2 OF APPELLANT'S MOTION TO SUPPRESS.
 II
Because the outcome of appellant's second assignment of error affects our analysis of his first and third assignments of error, we shall address said assignment first. In his second assignment of error, appellant contends the trial court erred in sentencing him for a violation of R.C. 4511.19(A)(1) when the trial court only found him guilty of only R.C. 4511.19(A)(4). We disagree. The Judgment Entry of Conviction specifically provides: This matter came on for sentencing upon the Defendant being found guilty of the offense of operating a vehicle while under the influence of alcohol and/or operating a vehicle with a concentration of .14 grams of alcohol by weight per 100 liters of urine (ORC 4511.19 or municipal equivalent). Pursuant to 4511.19(C) the Defendant is sentenced only on 4511.19(A)(1). (Emphasis added).
Under Ohio law, it is axiomatic a court speaks through its journal. State ex rel. Worcester v. Donnellon (1990), 49 Ohio St.3d 117. The Judgment Entry of Conviction reveals the trial court found appellant guilty of both (A)(1) and (4). Accordingly, we find the trial court did not err in sentencing appellant under R.C. 4511.19.(A)(1). Appellant's second assignment of error is overruled.
 I, III
Because appellant's first and third assignments of error relate to the propriety of the trial court's denial of his motion to suppress, we shall address said assignments together. In his first assignment of error, appellant maintains the trial court erred and/or abused its discretion in denying branch one of his motion to suppress. In his third assignment of error, appellant asserts the trial court erred in denying branch two of the motion. Both branches of the motions address appellant's urine alcohol test and its results. Although the trial court found appellant guilty of both (A)(1) and (4), the trial court convicted and sentenced appellant only on (A)(1). Assuming, arguendo, the trial court erred in denying appellant's motion to suppress, we find appellant has failed to demonstrate he was prejudiced by such error. The urine test results are not necessary to establish a violation of (A)(1). Appellant has not raised a weight of the evidence claim relative to the evidence supporting this conviction. Accordingly, had we found error by the trial court in denying appellant's motion to dismiss, such error would be harmless. Appellant's first and third assignments of error are overruled.
The judgment entries of conviction of the Licking County Municipal Court are affirmed.
By: Hoffman, P.J. Farmer, J. and Edwards, J. concur.