DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
The appellant, the City of Brunswick, appeals a judgment of the Medina County Court of Common Pleas that reversed a decision of the Brunswick Board of Zoning Appeals and declared a portion of the Codified Ordinances of the City of Brunswick unconstitutional. We reverse.
 I.
The appellees, Rob and Peter Neura, d.b.a. Neura's Topsoil, and NM, Inc., submitted a site plan application to the Brunswick City Planning Commission requesting a variance to permit the construction of mini-warehouse facilities at 4500 Laurel Road. The Planning Commission denied the application, and the appellees appealed to the Board of Zoning Appeals. The Board denied the variance at a meeting conducted on April 2, 1998. The appellees appealed to the Medina County Court of Common Pleas and requested a judgment declaring the Zoning Code unconstitutional. The lower court reversed the Board's decision based on the conclusion that "the zoning regulation prohibiting mini warehouses anywhere in the City of Brunswick is clearly arbitrary and unreasonable and without substantial relations [sic] to the public health, safety, morals, or general welfare of the community." The Board timely appealed, raising one assignment of error for review.
 II.
The City has advanced two arguments in support of its contention that the trial court's judgment is in error. First, the City has maintained that the court agreed to decide this case on briefs submitted by the parties and that the parties agreed on a briefing schedule. The City has argued that the appellees did not submit a brief pursuant to that schedule, denying the City an opportunity to respond to their arguments, and that the court's ruling was premature. The record, however, does not substantiate these allegations. This court is mindful that the trial court speaks only through its journal. See State ex rel. Worcester v.Donnellon (1990), 49 Ohio St.3d 117, 119. Accordingly, these arguments will not be addressed.
The City has also argued that the lower court did not have adequate evidence before it to support the conclusion that the zoning ordiance is unconstitutional. We agree.
R.C. 2506.04 defines the authority of the common pleas court to hear administrative appeals, providing in part:
 The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from.
This court must affirm the decision of the common pleas court unless it finds that the decision is not supported by "a preponderance of reliable, probative and substantial evidence" as a matter of law. Smith v. Granville Twp. Bd. of Trustees (1998),81 Ohio St.3d 608, 613.
A party challenging the constitutionality of a zoning ordinance may argue (1) that the ordinance is unconstitutional as applied to the property in question, and (2) that application of the ordinance to the property so interferes with its use as to constitute a taking. Goldberg Cos., Inc. v. Richmond Hts. CityCouncil (1998), 81 Ohio St.3d 207, 210. In either case, the party challenging the ordinance must overcome the presumption of constitutionality "beyond fair debate." Id. at 209. In the first instance, the complaining party must demonstrate that application of the ordinance is "clearly arbitrary and unreasonable and without substantial relation to the public health, safety, morals, or general welfare of the community." (Citation omitted.) Id. at syllabus.
In this case, the lower court concluded that the zoning ordinance was unconstitutional in that it prohibited the operation of mini-warehouse facilities anywhere within the city of Brunswick. At issue in this case, however, is the application of the zoning restrictions governing the area that includes the property at 4500 Laurel Road. The Zoning Code does not specifically prohibit the construction of mini-warehouses. Rather, the Code provides:
 In the interpretation and application of the provisions of this Zoning Code, it shall be declared to be a permissive code. Any use not specifically permitted or otherwise provided for, [sic] is not permitted. The provisions of this Zoning Code * * * shall be held to be the minimum requirements for the promotion of the public health, safety, morals, convenience, comfort, prosperity and general welfare.
(Emphasis added.) Zoning Code of the City of Brunswick 1240.03.[1] The Laurel Road property is designated as part of a C-G General Commercial District. The operation of warehouse/storage facilities is not specifically permitted as a principal, accessory, or conditional use within a C-G district. See id. at 1260.02-.04.
The minutes of the hearing conducted on April 2, 1998, indicate that the Board members expressed a concern that the appellees' property was entirely surrounded by parcel of land that had been rezoned to permit residential development. They also noted security concerns with respect to the materials that would be stored on-site. The appellees argued, in turn, that the proposed project was "a logical use" that "ma[de] economic sense," and that the project was "a perfect fit" with the residential construction. The evidence before the lower court supports the conclusion that the enforcement of Zoning Code of the City of Brunswick 1240.03 and 1260.02-.04 in this case was rationally related to the public welfare of the City of Brunswick. SeeGoldberg, supra, at 213-14. The common pleas court's determination was not supported by a preponderance of reliable, probative, and substantial evidence. The City's assignment of error, therefore, is well taken.
 III.
The City's assignment of error is sustained, and the judgment of the lower court with respect to the constitutionality of the Code as applied is reversed. Because the court concluded that portions of the Zoning Code were unconstitutional in their application to this case, it did not address whether a taking occurred by application of the ordinances. See Goldberg Cos.,Inc. v. Richmond Hts. City Council, 81 Ohio St.3d at 213. Accordingly, this case is remanded for proceedings on the appellees' remaining claim that are consistent with this opinion.
Judgment reversed and cause remanded.
 KK The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellees.
Exceptions.
LYNN C. SLABY, FOR THE COURT
BAIRD, P.J. CONCURS
[1] Because the operation of a mini-warehouse facility is not specifically prohibited in any portion of the Code, the effect of the trial court's judgment is exceptionally broad. Specifically, the court's judgment purports to hold "the zoning regulation prohibiting mini warehouses anywhere in the City of Brunswick" unconstitutional. The only path by which one can reach the conclusion that the Code does not permit these facilities in any district is to read the specifically permitted principal, accessory, and conditional uses for each zoning district in parimateria with Zoning Code of the City of Brunswick 1240.03. The court's judgment, therefore, would render each of these provisions constitutionally invalid.