OPINION
Defendant-appellant Bear Stearns Company, Inc. (hereinafter "Bear Stearns") appeals the October 1, 1999 Judgment Entry of the Massillon Municipal Court which found in favor of plaintiff-appellee Glass Associates, Inc. (hereinafter "Glass 
Associates") and awarded damages in the amount of $7,090.44.
 STATEMENT OF THE CASE AND FACTS
This breach of contract action arises out of Bear Stearns' refusal to pay an invoice for professional expert witness services. Bear Stearns contacted Glass Associates for assistance in pending litigation. Virgin Island Sea Plane Shuttle (hereinafter "VISS") brought suit against Bear Stearns in Federal Court on the Island of St. Croix. Glass Associates, a consulting and management company, had provided interim services to VISS when VISS was in distress and approaching bankruptcy in the 1980s. Bear Stearns specifically sought Kenneth Glass, CEO of Glass Associates, as an expert witness because Mr. Glass had acted as the CEO of VISS during the period of distress. On July 24, 1997, Glass 
Associates entered into a contract to provide professional services to Bear Stearns. Pursuant to this contract, Bear Stearns agreed to pay Glass Associates $5,000 per day, plus expenses. Glass Associates agreed to provide Mr. Glass as an expert witness and special consultant to assist in the trial preparations. When VISS learned Mr. Glass was retained as an expert witness, it contacted Glass Associates. VISS expressed concern any testimony Mr. Glass might provide would constitute a breach of a duty of confidentiality as well as the breach of the attorney-client privilege due to the position Mr. Glass had held with VISS in the 1980s. Shortly after this contact, Glass 
Associates wrote a letter to Bear Stearns's attorney, Tom Hart, stating Glass Associates would treat the contract as terminated. Mr. Hart refused to accept this termination. He called Mr. Ross, attorney for Glass Associates, and explained the fiduciary duty and confidentiality issues had been put before the Federal Court in St. Croix. At trial, Mr. Ross testified he and Mr. Hart agreed the contract would remain in effect, notwithstanding the letter purporting to terminate the contract. The two also agreed Mr. Glass would do nothing further on Bear Stearns' behalf until the Federal Court in St. Croix ruled on the issues of privilege and confidentiality. At trial, Mr. Ross testified an October 28, 1997 decision of the Federal Court found Mr. Glass would be permitted to testify, with some limitations. Thereafter, Bear Stearns scheduled Mr. Glass' deposition. The parties agreed the deposition would take place in Canton, even though Mr. Glass was living in North Carolina. The day before the deposition, Mr. Glass and Mr. Ross met with Mr. Hart in Canton to prepare for the deposition. At that time, Mr. Glass reviewed the requested documents and discussed his anticipated testimony with Mr. Hart. After the deposition, Glass Associates sent two invoices for professional services rendered in preparation for the deposition and expenses associated with the deposition. Bear Stearns failed to pay these invoices. Accordingly, Glass Associates filed a complaint in the Massillon Municipal Court asserting breach of contract and seeking compensatory damages in the amount of $7,090.44, the amount due under the two invoices. Bear Stearns filed an answer and counterclaim, although the counterclaim was later voluntarily dismissed. The matter proceeded to trial on September 29, 1999. Attorney Ross was the only witness called to testify at trial. After hearing this testimony and admitting documents into evidence, the trial court issued its October 1, 1999 Judgment Entry which found in favor of Glass Associates and ordered Bear Stearns to pay $7,090.44. It is from this judgment entry Bear Stearns prosecutes this appeal assigning as error:
 I. THE TRIAL COURT IMPROPERLY AND SUA SPONTE AMENDED THE COMPLAINT AFTER TRIAL.
 II. THE TRIAL COURT, WITHOUT A MOTION TO AMEND THE COMPLAINT FROM PLAINTIFF-APPELLEE, ERRED WHEN IT DID NOT ENTER JUDGMENT FOR DEFENDANT-APPELLANT ON THE COMPLAINT.
 I, II
Bear Stearns' assignments are interrelated and appellant treats both assignments together in its brief to this Court. Bear Stearns first maintains the contract was terminated by Glass Associates and never properly revived. Bear Stearns further contends the trial court sua sponte amended the complaint, adding a claim for quantum merit once it became clear the breach of contact claim would fail. We disagree, and address Bear Stearns' arguments in turn. Bear Stearns first points to Mr. Ross' testimony at trial, wherein Mr. Ross agreed there was no subsequent written agreement after the letter from Glass Associates terminating the contract. T. at 38-41. Bear Stearns maintains this admission bars any recovery on a theory of breach of contract. However Mr. Ross went on to testify Mr. Hart, counsel for Bear Stearns, refused to accept the termination letter. Further, as noted above, Mr. Ross and Mr. Hart agreed only to suspend the contract until the decision from the Federal Court in St. Croix. Mr. Ross testified after the St. Croix Court made its decision, Mr. Glass provided professional services at the request of Mr. Hart pursuant to the original contract. This testimony was undisputed. Bear Stearns next maintains the trial court sua sponte amended Glass 
Associates complaint to include a claim for quantum merit. Appellant basis this argument on the statements of the trial court at trial:
 THE COURT: * * * Um where there's no question in my mind and counsel's can prepare their appropriate entries that Mr. Glass is due seven thousand ninety dollars and forty four cents * * * The only amount of money that we all have the only rate that his gentleman gets paid is five thousand dollars a day so I think we're all stuck with that amount of money. * * * But it's my opinion that the entry out of St Croy [sic] totally terminates that agreement. Wipes it out. I think from that point forward we're under a quantram merit [sic] argument ah where ah the discussions you * * *
 ATTY. SEEBERGER: I agree with you actually the contract was terminated even before the Magistrate's order and the Magistrate's order makes it very clear that Glass cannot be a retained person and I think from that point forward ah sure we compensate him the ah travel, the expenses but there is not contract for him to be paid. The only term of the contract is for him to be an expert witness and he simply is not an expert witness and everybody recognizes that fact. The contract has never revived by any writing and usually a written contract once terminated can only be revived in a writing and this is a complaint . . . this is complaint on that contract. * * *
 THE COURT: I think the court can impose its amendments and try to comply [sic] the pleadings to what the facts that I heard * * *we all date . . . deal with professionals . . . we all have to pay them before they show up. Mr. Glass is a professional. He needed to be paid for the expert review that he did of the records, not as the expert but of the review that he did of the records before the deposition. * * *
 ATTY. SCHULMAN: Terry is in the unenviable position of not having a client here who cares apparently about the case to come in to Massillon and defend it. You know I think the evidence has to be taken as true. Obviously Terry did an effective job of cross examination but nevertheless the facts are as the facts were as presented on examination by Mr. Ross. There is no one here to rebut those. * * *
T. at 56-60.
Even though statements on the record indicate the trial court contemplated applying a quantum merit theory of recovery, the journal entry indicates only a general judgment in favor of Glass Associates on the complaint. It is axiomatic a court speaks through its journal. State ex rel. Worcester v. Donnellon (1990),49 Ohio St.3d 117. Bear Stearns did not request findings of fact and conclusions of law. Without a request for findings of fact and conclusions of law, we presume regularity in the trial court's decision. Both of Bear Stearns' assignments of error are overruled.
The October 1, 1999 Judgment Entry of the Massillon Municipal Court is affirmed.
 ________________________ HOFFMAN, P.J.
EDWARDS, J. and MILLIGAN, V. J. concur.