DECISION AND JUDGMENT ENTRY
This accelerated state appeal comes before the court from the Erie County Court of Common Pleas.
According to an "Erie County Sheriff's Office Incident Report," on January 29, 1999, appellee, Gerald Hicks, and his friend were hunting on private property. The Sheriff's department received a complaint from a nearby property owner that the two hunters were too close to his residence. Deputy Arthur investigated the complaint. Both hunters produced valid hunting licenses and proof that they had permission to hunt on the property. The deputy suggested they start their hunt further west. No citations were issued.
On February 1, 1999, Deputy R.J. Lippert was reviewing reports from the previous weekend when he noticed appellant's name on the above report. Because Lippert knew that Hicks had previously gone to prison for a drug offense, he asked Deputy Arthur if appellant was using a firearm. When Deputy Arthur answered affirmatively, Deputy Lippert obtained an arrest warrant for appellant for the offense of having a weapon while under a disability. Also, as a result of this information, Deputy Lippert obtained a search warrant for appellant's home.
The search warrant was executed on February 1, 1999. Among the items seized were a Winchester model 94, .32 caliber rifle; a Glenfield model 75, .22 caliber semi-automatic rifle; an unknown make, .22 caliber single shot bolt action rifle; a Savage model 24, 22/20 rifle shotgun combination; and a New England Firearms "Pardner" 410 bore single shotgun.
On March 9, 1999, appellee, Gerald Hicks, was indicted for having a weapon while under disability on or about January 29, 1999, the day he was warned about hunting. (Case No. 99-CR-098). A trial was scheduled for August 10, 1999. On June 10, 1999, appellee filed a motion to suppress the evidence seized when his property was searched pursuant to the warrant. On June 16, 1999, the court issued a judgment entry that read as follows:
 "* * * defendant's motion to suppress is withdrawn as the state stipulated that no evidence obtained by the search warrant filed will be used in this trial." (Emphasis added).
On August 11, 1999, the court granted appellee's motion for a mistrial.
On February 9, 2000, appellant was indicted on five more counts of having a weapon while under disability. The additional counts were also filed under Case No. 99-CR-098. The indictment alleged that on or about February 2, 1999, appellant possessed a Winchester model 94, .32 caliber rifle; a Glenfield model 75, .22 caliber semi-automatic rifle; an unknown make, .22 caliber single shot bolt action rifle; a Savage model 24, 22/20 rifle shotgun combination; and, a New England Firearms "Pardner" 410 bore single shotgun. The case was scheduled for trial on January 27, 2000 before a different judge. On January 27, 2000, the court issued a judgment entry which reads as follows:
 "* * * upon the court's own motion and at the request of both counsel for an evidentiary ruling, this court finds pursuant to the judgmentry [sic] entry filed on June 16, 1999, the state is ordered to not present in case # 98-CR-098 any evidence obtained by said search warrant filed on February 2, 1999; therefore, this court dismisses counts 2 through 6."
Appellant, the state of Ohio, now appeals setting forth the following assignment of error:
 "THE TRIAL COURT ERRED WHEN IT INTERPRETED ANOTHER JUDGE'S JUDGMENT ENTRY DATED JUNE 16, 1999 AND PREVENTED THE STATE FROM PRESENTING EVIDENCE OBTAINED THROUGH A SEARCH WARRANT AS TO COUNTS TWO THROUGH SIX."
A court speaks through its journal. State ex rel.Worcester v. Donnellon (1990), 49 Ohio St.3d 117. In its June 16, 1998 judgment entry, the court specifically barred the use of, in Case No. 99-CR-098, any evidence obtained as a result of the February 2 search warrant. Counts two through six resulted from the execution of the February search warrant and were filed under Case No. 99-CR-098. Accordingly, the court did not err in dismissing counts two through six and appellant's sole assignment of error is found not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Erie County Common Pleas Court is affirmed. Costs assessed to appellee.
Melvin L. Resnick, J., James R. Sherck, J., Richard W. Knepper,P.J., CONCUR.