DECISION JUDGMENT ENTRY
On August 11, 2000, this court filed an Entry stating that it appeared that the judgment from which appellant, Westfield Companies, appeals which denied a motion for a hearing on its cross-claim, was not a final appealable order pursuant to R.C. 2505.02 because there are two Motions for Pre-Judgment Interest [filed on September 4, 1998 and September 28, 1998] and Westfield's cross-claim which have not been ruled upon by the trial court. We note that in December 1998, the trial court denied Westfield's Motion for Summary Judgment on their cross-claim but never ruled upon the merits of that cross-claim. Appellant filed a Memorandum Regarding Jurisdiction asserting that the trial court's denial of the Motion for Summary Judgment on the cross-claim implicitly denied the cross-claim itself. Appellee also filed a Memorandum.
It is axiomatic that in Ohio a court speaks through its entries.State v. King (1994), 70 Ohio St.3d 158. See, also, State ex rel.Worcester v. Donnellon (1990), 49 Ohio St.3d 117; Rigsby v. Rigsby
(Mar. 27, 1987), Pickaway App. No. 85 CA 41, unreported.
Here, the trial court did not explicitly rule on the cross-claim nor is there any indication in the record that it ruled upon the motion for pre-judgment interest. As a result, the order from which this appeal is taken is not a final appealable order and this court does not have jurisdiction to consider the merits of this appeal pursuant to R.C.2505.02.
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED and that appellee recover of appellant costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the Meigs County Common Pleas Court to carry this judgment into execution.
Exceptions.
Harsha, J. and Evans, J. Concur
 ____________________________________ Roger L. Kline, Presiding Judge