DECISION JUDGMENT ENTRY
On August 11, 2000, this court filed an Entry stating that it appeared that the judgment from which appellant, Westfield Companies, appeals which denied a motion for a hearing on its cross-claim, was not a final appealable order pursuant to R.C. 2505.02 because there are two Motions for Pre-Judgment Interest [filed on September 4, 1998 and September 28, 1998] and Westfield's cross-claim which have not been ruled upon by the trial court. We note that in December 1998, the trial court denied Westfield's Motion for Summary Judgment on their cross-claim but never ruled upon the merits of that cross-claim. Appellant filed a Memorandum Regarding Jurisdiction asserting that the trial court's denial of the Motion for Summary Judgment on the cross-claim implicitly denied the cross-claim itself. Appellee also filed a Memorandum.
It is axiomatic that in Ohio a court speaks through its entries.State v. King (1994), 70 Ohio St.3d 158. See, also, State ex rel.Worcester v. Donnellon (1990), 49 Ohio St.3d 117; Rigsby v. Rigsby
(Mar. 27, 1987), Pickaway App. No. 85 CA 41, unreported.
Here, the trial court did not explicitly rule on the cross-claim nor is there any indication in the record that it ruled upon the motion for pre-judgment interest. As a result, the order from which this appeal is taken is not a final appealable order and this court does not have jurisdiction to consider the merits of this appeal pursuant to R.C.2505.02.