OPINION
Appellant, Melanie Baker, appeals her sentence of seven months in jail for the offense of trafficking in marijuana.
Appellant was indicted on three counts of trafficking in marijuana, a fifth degree felony, in violation of R.C. 2925.03. Appellant pleaded not guilty to all charges. On April 17, 2000, appellant changed her plea, and entered a guilty plea to two counts of trafficking in marijuana. The trial court accepted her plea and had a pre-sentence report prepared.
On May 25, 2000, the trial court held a sentencing hearing. At the hearing the trial court sentenced appellant to seven months in prison for each count of trafficking in marijuana, to be served concurrently. The trial court stayed execution of appellant's sentence pending completion of her appeal.
Appellant's notice of appeal from this judgment was filed one day late, causing the appeal to be dismissed by this court on August 25, 2000. On the same day that appellant filed her notice of appeal, appellant also filed a motion for delayed appeal. We granted appellant's motion for delayed appeal of this matter, and the instant appeal ensued.
Appellant raises the following assignments of error:
 "[1.] The trial court erred in imposing a prison term for a felony of the fifth degree drug offense subject to Ohio Revised Code 2929.13(C).
 "[2.] The trial court erred in imposing a prison term which was not the shortest prison term authorized for the offense."
 In her first assignment of error, appellant argues that the trial court did not properly comply with the requirements of R.C. 2929.13. Appellant argues that the trial court did not make a specific finding as to one or more of the factors listed in R.C. 2929.13(B).
R.C. 2925.03 states that:
 "(a) Except as otherwise provided in division (C)(3)(b), (c), (d), (e), (f), or (g) [provisions regarding larger quantities of the drug] of this section, trafficking in marihuana is a felony of the fifth degree, and division (C) of section 2929.13 of the Revised Code applies in determining whether to impose a prison term on the offender."
 It is clear that, for the fifth degree felony of trafficking in marijuana, the court is required to apply R.C. 2929.13(C), not R.C.2929.13(B), in determining whether to impose prison time or community control sanctions on the offender. See also R.C. 2929.13(B)(1); R.C. 2929.13(E)(1). Thus, we will determine whether the court properly applied R.C. 2929.13(C) in imposing a prison term on appellant.
R.C. 2929.13(C) requires that, in determining whether to impose a prison sentence, the court must comply with the purposes and principles of sentencing found in R.C. 2929.11 and 2929.12. The statute does not contain either a presumption of prison or a presumption of community control. Without statutory presumptions, the sentencing is within the discretion of the trial court, guided by R.C. 2929.11 and 2929.12.
R.C 2929.11 states that any felony sentence must be reasonably calculated to achieve the overriding purposes of felony sentencing — protection of the public and punishment of the offender. R.C.2929.11 further requires that the sentence be commensurate with, and not demeaning to, the seriousness of the crime, and consistent with similar sentences imposed on persons committing similar crimes.
R.C. 2929.12 requires the court, when exercising its sentencing discretion, to consider the seriousness and recidivism factors found in R.C. 2929.12(B)-(E). In addition to these statutory factors, the court may consider any other factors relevant to sentencing. "[T]he trial court is not required to explain its findings when deciding whether to impose a prison sentence or community control sanctions upon an offender who commits a fourth or fifth degree felony." State v. Agnes (Oct. 6, 2000), Lake App. No. 99-L-104, unreported, 2000 WL 1488231 at *3, citingState v. Edmonson (1999), 86 Ohio St.3d 324.
In the case sub judice, the trial court made the required findings to impose a prison sentence rather than community control. In its judgment entry of sentence, the court held that, "this court finds that a prison sentence is consistent with the purposes of sentencing set forth in R.C.2929.11," that "Defendant is not amenable to an available community control sanction," that "given her prior criminal history, recidivism is more likely," and that "she has demonstrated a pattern of drug and alcohol abuse." The court also explicitly stated in its judgment entry that it had considered both the purposes of sentencing found in R.C.2929.11, and had balanced the seriousness and recidivism factors found in R.C. 2929.12.
Appellant argues that, although these findings were made in a judgment entry, these findings were not made on the record during the sentencing hearing. Thus, she argues, these findings in the judgment entry do not satisfy the requirements of R.C. 2929.11 and 2929.12. This assertion is simply incorrect. "In Ohio a court speaks through its journal." Stateex rel. Worcester v. Donnellon (1990), 49 Ohio St.3d 117, 118. Appellant's first assignment of error is without merit.
In her second assignment of error, appellant argues that the trial court did not make the necessary findings under R.C. 2929.14 to sentence her to more than the minimum sentence. Appellee agrees that appellant's second assignment of error has merit.
Under R.C. 2929.14(B), when a court sentences an offender to a prison term who has not previously served a prison term, the court must sentence the offender to the minimum term, unless the court finds, on the record, that, "the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." A thorough review of the record shows that the court did not make either of these findings before imposing a sentence, greater than the minimum, upon appellant, who had never previously served a prison term. Thus, appellant's second assignment of error has merit and we reverse and remand the case for re-sentencing.
Although appellant does not assign it as error, the trial court's judgment entry includes "bad time" language, under R.C. 2967.11. InState ex rel. Bray v. Russell (2000), 89 Ohio St.3d 132, syllabus, the Supreme Court of Ohio declared the "bad time" statute unconstitutional on the grounds that it violates the doctrine of separation of powers.
For the above reasons, we reverse the decision of the trial court and remand for the court to enter a judgment that complies with R.C. 2929.14(B) and does not include any references to bad time.
JUDGE ROBERT A. NADER, O'NEILL, P.J., CHRISTLEY, J., concur.