JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Vincent Percy, appeals the judgment of the Cuyahoga County Common Pleas Court, which he claims sentenced him to consecutive terms of imprisonment based on convictions for possession of drugs and receiving stolen property. For the reasons that follow, we affirm.
 {¶ 2} The record before this court reflects that appellant was indicted for one count each of possession of drugs, in violation of R.C. 2925.11, and possession of criminal tools, in violation of R.C. 2923.24. Appellant eventually pleaded guilty to possession of drugs, a fourth degree felony, and the possession-of-criminal-tools charge was nolled.
 {¶ 3} At the sentencing hearing that followed, the trial court sentenced appellant to eight months in prison on the possession-of-drugs charge. According to the transcript of the hearing, this sentence was to run consecutive to a six-month sentence imposed for Case No. CR-426342, a case not before this court. The sentencing journal entry, however, makes no reference to Case No. CR-426342.
After stating that it considered the "required factors of the law" and finding prison "consistent with the purpose of R.C.2929.11," the court's journal entry merely states that it imposed a prison term of eight months. There is no reference to Case No. CR-426342 or that the eight-month term of imprisonment was to run consecutive to any other case. Moreover, Case No. CR-426342 is not part of the record before us.
 {¶ 4} It is axiomatic that a court speaks through its journal. State ex rel. Worcester v. Donnellon (1990),49 Ohio St.3d 117,118; see, also, State v. King (1994),70 Ohio St.3d 158,162. A pronouncement of sentence, therefore, does not become the official action of the court unless and until it is entered upon the court's journal. See State ex rel. Hansen v. Reed
(1992), 63 Ohio St.3d 597.
 {¶ 5} Because the journal entry before this court indicates that the court merely imposed an eight-month sentence for possession of drugs and does not order that this sentence be served consecutive to any other sentence, appellant's assignment of error is not well taken and is overruled.
 {¶ 6} It is very possible that the sentencing journal entry for Case No. CR-426342, the unrelated case not before this court, contains language consistent with the imposition of consecutive sentences not only for that case but the case presently before us. Case No. CR-426342, however, is not before us.[1]
 {¶ 7} We note, parenthetically, that we have previously addressed the dilemma a reviewing court faces when the trial court imposes consecutive sentences for two unrelated cases without insuring that both cases become part of the record for purposes of review. In State v. Plaza, Cuyahoga App. No. 83074, 2004-Ohio-3117, we stated:
 {¶ 8} "Because of the frequency with which we are seeing consecutive sentences imposed between unrelated cases, we take this opportunity to note that our review is severely hampered when the unrelated case does not accompany the case under review. We have nothing but the trial court's rendition of the facts that comprise the unrelated case and must take at face value the offense for which the offender was convicted. The better practice in such a case would be to insure that the unrelated case accompany the case under appeal, especially if consecutive sentences are imposed and we must determine if sentencing was done so in compliance with the statute." Id. at ¶ 34.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J., and Cooney, J., concur.
[1] See, generally, App.R. 5(A).