DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal by the State of Ohio from an Adams County judgment entry order releasing to the defendant, Ernest Crawford, money seized in the amount of $570.00. Both counsel agree that the judgment entry incorrectly stated matters therein. Because the judgment entry did not reflect the truth of the matter, we sustain the State's first assignment of error.
 {¶ 2} In May 2004, defendant was subjected to a traffic stop. Defendant was found to be in possession of beer or intoxicating liquor and was arrested for underage consumption. Also, found in the car were items indicating an illegal substance and drug paraphernalia. A search incident to arrest was conducted and at that time $570.00 was seized.
 {¶ 3} On June 30, 2004, defendant filed a motion for release of the $570.00 and submitted a proposed entry which stated that both counsel had agreed to the release. Counsel for the defendant argued that the money was not being used as evidence and should be released. The following day, without a hearing on the matter, the court approved the judgment[2]
entry which read: "By agreement of the State of Ohio and Defendant through counsel and with the approval of this Court IT IS HEREBY ORDERED THAT the Adams County Sheriff's Office or other authorized person release to the Defendant his money in the amount of $570.00."
 {¶ 4} On July, 7, 2004, the State filed a motion to vacate the release order arguing that since the money was lawfully seized and an investigation was pending, they were permitted to keep the evidence until the time it was no longer needed.[3] The State contended that as a result of an impending investigation, the Sheriff's office had intended to send the money to BCI I for drug residue testing.[4]
 {¶ 5} The State appeals assigning the following assignments of error:
 {¶ 6} I. "The trial court erred by ordering the release of appellee's $570.00 when the state did not agree to the release."
 {¶ 7} II. "The trial court erred by ordering the release of appellee's $570.00 when the trial court did not have subject matter jurisdiction."
 {¶ 8} The State contends the court erred when it ordered the release of the $570.00 under the mistaken belief that the State had agreed to the motion, when in fact, it had not. Counsel for Appellee concedes that in his brief that the State had not approved the proposed entry. The court subsequently signed the proposed entry without a hearing presumably because there appeared to be an agreement on this issue.
 {¶ 9} The record in the case reveals that the entry was incorrect due to its statement regarding an agreement between the State and counsel for the defendant. The court speaks through its journal entry. Worcester v.Donnellon (1990), 49 Ohio St.3d 117, 118, 551 N.E.2d 183. Accordingly, it is essential that the court's journal reflect the truth. See Hollisterv. Judges of Dist. Court (1857), 8 Ohio St. 201, 70 Am.Dec. 100. Moreover, in those circumstances where it can be shown that the journal does not reflect the truth, that court must be prompt in requiring their correction. Worcester, 49 Ohio St.3d at 119, citing State ex rel. Warnerv. Baer (1921), 103 Ohio St. 585, 588, 134 N.E. 786.
 {¶ 10} Because the judgment entry approved by the court does not accurately reflect the truth, this court must sustain the State's first assignment of error. In light of our disposition of the State's first assignment of error, the second assignment of error is now moot. Accordingly, we must reverse the trial court's judgment and remand this cause for further proceedings consistent with this opinion.
Judgment Reversed Remanded.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND REMANDED and that the Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Adams County Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Abele, P.J.: Concurs in Judgment Only.
Kline, J.: Concurs in Judgment and Opinion.
[2] After reviewing the record, we conclude the court was misinformed when it was presented with the purported entry indicating an agreement between counsel had been reached when none was approved by the State.
[3] R.C. 2945.67(A) allows the State to appeal orders granting a motion for the return of seized property.
[4] The trial court did not rule on the State's motion to vacate.