OPINION
On April 10, 1997, the Richland County Grand Jury indicted appellant, Gregory E. Williams, on two counts of passing bad checks in violation of R.C. 2013.11 (Case No. 97CR157). On January 4, 1999, appellant pled no contest to the charges. By judgment entries filed May 4, 1999 and July 1, 1999, respectively, the trial court found appellant guilty and sentenced him to three years of community control. Any violations of the community control sanctions would trigger a prison term of up to two years.
On August 11, 1999, the Richland County Grand Jury indicted appellant on two counts of theft by deception in violation of R.C. 2913.02 (Case No. 99CR395). On October 25, 1999, appellant pled no contest to one of the counts. The remaining count was dismissed. By judgment entries filed November 4, 1999 and November 24, 1999, respectively, the trial court found appellant guilty and sentenced him to three years of community control. Any violations to the community control sanctions would trigger a prison term of up to one year.
On January 13, 2000, a notice of hearing probation violation was filed in both cases. Six violations were alleged. A seventh violation was added on January 20, 2000 and an eighth violation was added on February 8, 2000. A hearing was held on February 8, 2000. By judgment entries field in both cases on February 9, 2000, the trial court sentenced appellant to eleven months in prison on each of the three counts, to be served consecutively.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HE WAS SENTENCED TO CONSECUTIVE SENTENCES FOR FELONIES OF THE FIFTH DEGREE WITHOUT FINDING THAT DEFENDANT'S SENTENCE WAS AUTHORIZED BY STATUTE.
 II DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HE WAS SENTENCED AS A PROBATION VIOLATOR FOR ALLEGATIONS NEITHER ALLEGED NOR CONSIDERED IN OPEN COURT.
 III DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT IMPOSED A CONSECUTIVE SENTENCE OF TWENTY-TWO (22) MONTHS BUT ENTERED A JOURNAL ENTRY SENTENCING DEFENDANT TO THIRTY-THREE (33) MONTHS.
 IV DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT ACCEPTED AN ADMISSION TO PROBATION VIOLATIONS WITHOUT ADVISING DEFENDANT OF ANY OF HIS CONSTITUTIONAL RIGHTS.
 V DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT DID NOT ARTICULATE ANY SPECIFIC FINDINGS AS TO WHY DEFENDANT WAS A PROBATION VIOLATOR.
 VI DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HE WAS ALLEGED TO BE A PROBATION VIOLATOR FOR TERMS AND CONDITIONS NOT ARTICULATED BY THE COURT AT SENTENCING.
 VII
DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.
 I
Appellant claims the trial court erred in sentencing him to consecutive sentences in violation of R.C. 2929.14(E)(4) and State v. Edmonson
(1999), 86 Ohio St.3d 324. We disagree.
R.C. 2929.14(E)(4) governs consecutive sentencing and states as follows:
 If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
In both cases, the trial court had granted appellant community control in lieu of prison time. The trial court notified appellant that if he violated the community control sanctions, he could serve up to two years in prison in Case No. 97CR157 (two counts) and up to one year in prison in Case No. 99CR395 (one count). No appeal was taken in either case. Subsequently, appellant violated the community control sanctions and following a hearing, the trial court sentenced appellant to eleven months in prison on each of the three counts, to be run consecutively.
Upon review, we find the record establishes the trial court followed the dictates of R.C. 2929.14 during the original sentencing. June 28, 1999 T. at 8. We find no statutory requirement mandating a trial court to revisit R.C. 2929.14 after community control violations are found.
Assignment of Error I is denied.
 II, V, VI
In these assignments of error, appellant challenges the trial court's determination that he violated his probation. Appellant claims the trial court found him in violation of his probation for reasons not alleged or considered in open court and the trial court did not articulate any specific findings. We disagree.
The record alludes to a discussion between the trial court and counsel off the record about the alleged violations. February 8, 2000 T. at 2, 4. The alleged violations numbered eight. Violation No. 7 alleged that appellant made threats against his probation officer. See, Addendum to Probation Violation filed January 20, 2000. The record reveals appellant agreed to stipulate to violation Nos. 5 and 6 with the "understanding that he will be sent to prison." February 8, 2000 T. at 2. The remaining allegations were dismissed. Id. at 3. Violation Nos. 5 and 6 were as follows:
 First of all, is the probation violation Number 5, which says he was not to leave Richland County without permission of his Probation Officer and that he left Richland County on several occasions.
 And then the violation Number 6 being that because of the problem Mr. Williams has had with making deals and writing checks that ended up bouncing or having non-sufficient funds when they were written, there was a requirement in probation conditions that he would get permission from his Probation Officer before entering into any kind of contractual relationship or agreement, the contention he entered into several and purchased a coffee and nightclub without permission of the probation officers.
Id. at 2-3.
Even though appellant admitted these violations, he argues in his appellate brief at 7 that the trial court found him in violation of his probation "not on an alleged probation violation but some allegation that there were threats on the life of a probation officer." During the hearing, appellant stated the following:
 I just want to apologize to the Probation Department if I caused any problems or if I said things that I shouldn't of. I just want them to know that I don't have any hard feelings against anybody and I just ask that, you know, they don't have any hard feelings towards me. I apologize to Mr. Foltz for any problems or Ms. Grimes for any problems and I just don't want to cause anybody any problems.
February 8, 2000 T. at 5.
With this statement, appellant admitted to having had some conflict with his probation officer. As for the alleged threats to the probation officer, the trial court stated "I don't know whether it's true or not."Id. at 7.
Based upon a total review of the hearing, we cannot find that the trial court violated appellant's right to due process i.e., being informed of the violations against him. We find appellant stipulated to probation violations with the clear understanding that he would be sentenced to prison.
Assignments of Error II, V and VI are denied.
 III
Appellant claims the trial court erred in journalizing a sentence of thirty-three months when at the hearing it imposed a sentence of twenty-two months. We agree.
At the conclusion of the hearing, the trial court stated "[i]t will be 11 months on each count consecutive to each other. So you have 22 months in prison." February 8, 2000 T. at 7. In the sentencing entries filed in each case on February 9, 2000, the trial court sentenced appellant to eleven months on each of the three counts, to be served consecutively, which would total thirty-three months.
Although we are aware of the axiom that a trial court speaks through its written journal, State ex rel. Worcester v. Donnellon (1990),49 Ohio St.3d 117, we nonetheless find that the enhancement of the sentencing order outside the presence of appellant violated his right to be present at all critical stages of his case. See, Crim.R. 43(A).
We therefore remand this issue to the trial court for journalization of appellant's sentence consistent with the oral pronouncements made at the February 8, 2000 hearing.
Assignment of Error III is granted.
 IV
Appellant claims the trial court erred in not informing him of his constitutional rights before he admitted to probation violations. We disagree.
Appellant argues the trial court failed to inform him of his rights pursuant to Crim.R. 11. Said rule applies to pleas of guilty or no contest, not admissions to probation violations. Crim.R. 32.3 governs revocation of community release and mandates that a "court shall not impose a prison term for violation of the conditions of a community control sanction or revoke probation except after a hearing at which the defendant shall be present and apprised of the grounds on which action is proposed" and the "defendant shall have the right to be represented by retained counsel and shall be so advised."
A hearing was held on February 8, 2000 in which appellant was present and represented by counsel. Appellant agreed to stipulate to two violations with the understanding that he would be sent to prison. February 8, 2000 T. at 2-3. We find the trial court complied with Crim.R. 32.3.
Assignment of Error IV is denied.
 VII
Appellant claims he was denied the effective assistance of counsel because his counsel failed to contest the claimed violations. Appellant admitted to two violations with the "understanding that he will be sent to prison." February 8, 2000 T. at 2. Based upon this fact, we find this assignment to be moot.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed in part, reversed in part and remanded to said court for further proceedings consistent with this opinion. Costs to appellant.