OPINION
This is an appeal from an Ashland County Municipal Court Jury Verdict finding appellant guilty of failing to stop after an accident in violation of R.C. § 4549.021.
The facts of this case are that appellant is a semi truck driver and on the date in question pulled into a gas-diesel fuel station.
The employee on duty testified that he observed appellant back his truck into two signs, pull forward and repeat the contact with resulting damage.
Such employee further testified that he showed appellant the damage to the signs, corresponding marks on the rear of the truck and requested appellant come into the station and provide license and other data but then the appellant drove off.
Appellant was stopped a short time later but denied having struck the signs.
At trial, appellant continued to maintain that he was not involved in an accident as described by the employee.
He admitted being at the station but did not go to the rear of his truck to observe anything and was unable to understand the employee because of his accent and thought he was to leave as being in a no parking area.
Appellant raises two Assignments of Error, as follows:
 I THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY NOT INSTRUCTING THE JURY THAT THE APPELLANT HAD 24 HOURS TO REPORT THE ACCIDENT.
 II DEFENSE COUNSEL COMMITTED PREJUDICIAL ERROR AND WAS INEFFECTIVE AS COUNSEL BY FAILING TO RAISE THE ISSUE OF THE APPELLANT'S RIGHT TO REPORT THE ACCIDENT WITHIN 24 HOURS.
 I, II
Ohio Revised Code § 4549.021 as it applies to this case reads as follows:
 In case of accident or collision resulting in injury or damage to persons or property upon any public or private property other than public roads or highways, due to the driving or operation thereon of any motor vehicle, the persons so driving or operating such motor vehicle, having knowledge of such accident or collision, shall stop, and, upon request of the person injured or damaged, or any other persons, shall give such person his name and address, and, if he is not the owner, the name and address of the owner of such motor vehicle, together with the registered number of such motor vehicle, and, if available, exhibit driver's or commercial driver's license.
 If the owner or person in charge of such damaged property is not furnished such information, the driver of the motor vehicle involved in the accident or collision shall within twenty-four hours after such accident or collision, forward to the police department of the city or village in which such accident or collision occurred or if it occurred outside the corporate limits of a city or village to the sheriff of the county in which such accident or collision occurred the same information required to be given to the owner or person in control of such damage property and give the date, time, and location of the accident or collision.
 I, II
We must disagree with both of appellant's Assignments of Error.
First, while the trial court did charge that the Jury must find knowledge of the accident on the part of appellant (T. at 137) no request was made as to the ability to report within twenty-four hours. There was no testimony by anyone, including Appellant that he so reported, although, there was testimony that he was interviewed by the officers.
This would have been within twenty-four hours but appellant denied involvement.
In State v. Shearn, 1988WL112849 (Ohio App. 5th Dist.) this court in finding Appellant-appellant failed to comply with the second paragraph of R.C. § 4549.021 because he met the Deputy within twenty-four hours but had disclaimed knowledge of the accident. This case was cited by appellant.
In City of Marietta v. Bomer, 1990WL127042 (Ohio App. 4th Dist.) the court determined that reporting to the police officer when contacted, even though within twenty-four hours, was non-compliance with the statute.
This case, while also cited by appellant, is not actually in point as the court stated that the third paragraph of the statute requiring affixing of identity information to the unattended vehicle was required.
While State v. Ginn, 1982WC3873 (Ohio App. 2nd Dist.) does state that since the Appellant provided information to the police on contact as required by R.C. § 4549.021, the statute was met. The problem in reliance upon this case is that Appellant in the case sub judice denied involvement in an accident. The statute, in addition to identity, ownership and license also requires information as to the date, time and location of the accident.
State v. Ginn, 1982WL3873 (Ohio App. 2nd Dist.), places on the prosecution the burden of proof that no reporting was made within twenty-four hours as such is an alternative method of reporting. In such case the Appellant admitted he caused an accident.
In City of Bellefontaine v. Pierce, 2000 Ohio App. Lexis 4029 (App. 3rd Dist.) the court concluded that, in a case where the Appellant denied involvement and therefore would have no intention of reporting the accident, the twenty-four hour reporting was not pertinent.
In the case sub judice the appellant provided some information to the police, when interviewed, within twenty-four hours but did not provide the time or place of the accident as required by R.C. § 4549.021 as he denied involvement.
Essentially, this case is one as to credibility of witnesses.
On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. The weight to be given evidence and the determination of credibility of witnesses are issues for the jury, not for the reviewing court. State v. Jamison
(1990), 49 Ohio St.3d 182 , cert. denied, 498 U.S. 881.
The trier of fact has the principle responsibility for determining the credibility of the witnesses and the relative weight attributable to their testimony. State v. Jamison (1990), 40 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881.
In addition, as no objections were made to the charge as to the absence of the twenty-four hour paragraph of the statute, we find that this court need not consider such argument. State ex rel Worcester v. Donnellon
(1990), 49 Ohio St.3d 117, State v. Williams (1997), 51 Ohio St.3d 112,Stores Realty Co. v. City of Cleveland (1975), 41 Ohio St.2d 41, Schadev. Carnegie Body Co. (1982), 70 Ohio St.2d 207.
The second Assignment of Error is also not well taken.
A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Lockhart v. Fretwell (1993), 113 S.Ct. 838,122 L.Ed. 2d 180; Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley (1989), 42 Ohio St.3d 136.
In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley, 42 Ohio St.3d at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Bradley,supra at syllabus paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. It is with this framework in mind that we address the instances of alleged ineffectiveness of counsel raised by appellant in the instant case.
Here, based upon the Jury determination as to credibility, there lacks the reasonable probability that the result would have been different, considering appellants total denial of causation of an accident.
The decision of the trial court is affirmed.
 JUDGMENT ENTRY
For the reasons stated in our Memorandum-Opinion, the judgment of the Municipal Court of Ashland County, Ohio, is affirmed. Costs to Appellant.
Boggins, J., Hoffman, P.J. and Farmer, J. concur.