OPINION
On October 30, 1995, appellant, Frank Arthur Warren, pled no contest to kidnapping in violation of R.C. 2905.01(A) pursuant to a plea arrangement. By judgment entry filed November 3, 1995, the trial court found appellant guilty and sentenced him to an indeterminate term of three to fifteen years in prison. This conviction was affirmed on appeal. See, State v. Warren (March 10, 1997), Stark App. No. 1995CA00386, unreported.
On September 28, 1998, appellant filed a petition for postconviction relief. By judgment entry filed November 18, 1998, the trial court dismissed said petition. This dismissal was affirmed on appeal. See,State v. Warren (September 20, 1999), Stark App. No. 1999CA00103, unreported.
On February 26, 1999, appellant filed a motion for evidentiary hearing pursuant to R.C. 2953.21. By judgment entry filed March 11, 1999, the trial court denied said motion.
On March 19, 2001, appellant filed a Crim.R. 32.1 motion to withdraw his no contest plea. By judgment entry filed March 20, 2001, the trial court denied said motion.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT ABUSED ITS DISCRETION THEREBY DEPRIVING APPELLANT DUE PROCESS FUNDAMENTAL FAIRNESS WHEN IT DENIED APPELLANT'S [MOTION TO WITHDRAW NO CONTEST PLEA, PURSUANT TO OHIO CRIMINAL RULE 32.1] AND FINDING OF FACT AND CONCLUSION OF LAW * * * COMMITTED PLAIN ERROR ON THE FACE OF THE RECORD PURSUANT TO THE OHIO CRIM.R. 52(B).
 II THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN DENYING APPELLANT'S `MOTION TO WITHDRAW NO CONTEST PLEA' IN VIOLATION OF OHIO [CRIMINAL RULE 11(C)(2) * * * COMMITTED PLAIN ERROR ON THE FACE OF RECORD PURSUANT TO OHIO CRIM.R. 52(B).
 I, II
These two assignments of error challenge the trial court's denial of appellant's motion to withdraw his no contest plea pursuant to Crim.R. 32.1. Appellant bases his challenge on procedural and substantive grounds. First, appellant claims he was denied a hearing on his motion and secondly, he claims the lack of an available transcript of his plea necessitated a granting of his motion. Also, appellant claims the trial court did not follow the mandates of Crim.R. 11 in accepting his plea. We disagree with all of appellant's claims.
Our standard of review is limited to an abuse of discretion. State v.Smith (1977), 49 Ohio St.2d 261. In order to find an abuse of discretion, we must determine the trial court's order was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
Crim.R. 32.1 governs the withdrawal of a guilty or no contest plea and states: "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
Appellant's plea was made over six years ago and he has been serving his sentence therefore, appellant's burden is to show there was a manifest injustice. Crim.R. 32.1; Smith, supra. In his motion to withdraw filed March 19, 2001, appellant claimed Crim.R. 11 was violated when the trial court took his no contest plea. Appellant supplied only the judgment entry of conviction. Appellant provided no other evidentiary material. The trial court, without hearing, denied appellant's motion. We note the criminal rules do not require the trial court to hold an evidentiary hearing, but the trial court may rely on the record of the case.
Appellant argues his plea did not conform with the dictates of Crim.R. 11(C)(2). Although appellant filed a timely request for a transcript with his notice of appeal, there was no preservation of the plea by court officials which the state acknowledges. However, the judgment entry of conviction filed November 3, 1995 sets forth on the record that the requirements of Crim.R. 11(C)(2) were adhered to by the trial court:
 This day, October 30, 1995, the defendant, FRANK ARTHUR WARREN, * * * informed the Court that he consulted with his attorney and that his attorney had fully informed him as to the nature of the charges and the elements constituting the crime under the statutes pertaining to them including the penalties and the right to a trial by jury and that the defendant desired to withdraw his former plea of not guilty and thereupon the Court inquired of the defendant as to whether or not he desired to plead further, to which inquiry the defendant entered a plea of no contest.
Absent a transcript, this court will presume regularity of the proceedings in the trial court. Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197. It is axiomatic that in Ohio, a court speaks through its journal. State ex rel. Worcester v. Donnellon (1990),49 Ohio St.3d 117. Further, under App.R. 9(C), appellant could have presented to this court a summary of the plea under the guidance of the trial court:
 If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement shall be served on the appellee no later than twenty days prior to the time for transmission of the record pursuant to App.R. 10, who may serve objections or propose amendments to the statement within ten days after service. The statement and any objections or proposed amendments shall be forthwith submitted to the trial court for settlement and approval. The trial court shall act prior to the time for transmission of the record pursuant to App.R. 10, and, as settled and approved, the statement shall be included by the clerk of the trial court in the record on appeal.
Because the judgment entry of conviction affirms that Crim.R. 11 was followed and absent any proof to the contrary, we cannot say the trial court abused its discretion in finding no manifest injustice and in denying the motion to withdraw.
Assignments of Error I and II are denied.
JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed.
Hon. W. Scott Gwin, P.J. Hon. William B. Hoffman, J. Hon. Sheila G. Farmer, J. concur.