OPINION
{¶ 1} On February 28, 2006, appellant, Mario Brooks, pled guilty to one count of escape in violation of R.C. 2921.34, a felony of the third degree. A sentencing hearing was held on April 24, 2006. The trial court sentenced appellant to one year in prison and called the next case. Appellant became disruptive. Thereafter, the trial court interrupted the proceedings and sentenced appellant to two years in prison.
 {¶ 2} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 3} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT RESENTENCED DEFENDANT, DOUBLING THE SENTENCE."
 I {¶ 4} Appellant claims the trial court erred in "resentencing" him. We disagree.
 {¶ 5} "[T]rial courts have full discretion to impose a prison sentence within the statutory range." State v. Mathis, 109 Ohio St.3d 54,2006-Ohio-855, ?37. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983) 5 Ohio St.3d 217.
 {¶ 6} Appellant was convicted of escape, a third degree felony. R.C.2929.14(A)(3) states for a third degree felony, "the prison term shall be one, two, three, four, or five years."
 {¶ 7} Appellant argues the original sentence of one year was justified by the record and there was no justification for the trial court to sua sponta change the sentence to two years.
 {¶ 8} After imposing the one year sentence, appellant requested three days to get his affairs in order. T. at 7. The trial court refused, stating, "Not after what you did when you were out, you think I'm going to trust you again?" Id. Appellant then asked, "So I have to go to prison with nothing?" Id. The trial court responded, "You go sit down, we will make sure you've got something when you go to prison. You will have your orange jumpsuit, go sit down. You don't show me nothing, man." Id. Thereafter, the following occurred:
 {¶ 9} "THE DEFENDANT: Well, thank you. See you later, Judge. (Unintelligible mumbling).
 {¶ 10} "THE COURT: Next case is Elgie Knighten. Mr. Brooks, sit down. Sit down.
 {¶ 11} "THE DEFENDANT: (Unintelligible mumbling).
 {¶ 12} "THE COURT: It's about time for resentencing in this case. I misjudged this man. I thought he was worthy of a minimum sentence.
 {¶ 13} "THE DEFENDANT: I am.
 {¶ 14} "THE COURT: No. The sentence is two years in this case. He is unrepentant. He is a jerk. He thinks the world owes him a living. It doesn't. The sentence is two years, Mr. Brooks." T. at 8.
 {¶ 15} Appellant's appellate counsel conceded appellant's "unintelligible mumbling" was disrespectful and disruptive to the trial court's proceedings.
 {¶ 16} We find the increase to two years was not unlawful. The one year sentence had yet to be journalized. Under the general principles of law, a trial court only speaks through its record. State ex rel.Worcester v. Donnellon (1990), 49 Ohio St.3d 117. In addition, the two year sentence was within the statutory guidelines for a third degree felony. R.C. 2929.14(A)(3).
 {¶ 17} The black and white written transcript does not fully covey the nature and seriousness of appellant's behavior. The trial court was best suited to judge the volatility of appellant's actions.
 {¶ 18} Given the numerous unfavorable reports regarding appellant's behavior during pretrial supervision, while in jail, and when on probation, including numerous probation violations and his refusal to accept drug treatment, a two year sentence is not unreasonable. T. at 2-6.
 {¶ 19} Upon review, we cannot find the trial court abused its discretion in increasing appellant's sentence that had yet to be journalized or executed.
 {¶ 20} The sole assignment of error is denied.
 {¶ 21} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.
Farmer, J., Gwin, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed.