[Cite as *State v. Agosta*, 2011-Ohio-5090.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| | : | JUDGES: |
| STATE OF OHIO | : | William B. Hoffman, P.J. |
| | : | Sheila G. Farmer, J. |
| Plaintiff-Appellee | : | Julie A. Edwards, J. |
| | : | |
| -vs- | : | Case No. 11-CA-08 |
| | : | |
| | : | |
| BRIAN P. AGOSTA | : | O P I N I O N |
| Defendant-Appellant | | |


CHARACTER OF PROCEEDING:        Criminal Appeal from Fairfield County
                                Municipal Court Case No. 10-CRB-
                                01749

JUDGMENT:                       Reversed and Remanded

DATE OF JUDGMENT ENTRY:         September 29, 2011

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

STEPHANIE L. HALL                     SCOTT P. WOOD
Assistant City Prosecutor             Dagger, Johnson, Miller, Ogilvie &
City of Lancaster Law Director's Office   Hampson
123 East Chestnut Street              144 East Main Street
P.O. Box 1008                         P.O. Box 667
Lancaster, Ohio  43130                Lancaster, Ohio  43130

*Edwards, J.*

{¶1} Appellant, Brian Agosta, appeals a judgment of the Fairfield County Municipal Court convicting him of abusing harmful intoxicants (R.C. 2925.31). Appellee is the State of Ohio.

STATEMENT OF FACTS AND CASE

{¶2} On July 28, 2010, Officer Eric Spiegel of the Lancaster Police Department found appellant asleep or unconscious in the driver's seat of his motor vehicle while stopped at a stop sign. The officer found three canisters in the vehicle, including one on appellant's lap. After the officer turned the car off and awakened appellant, he asked appellant about the canister that had been on appellant's lap. Appellant responded that it was compressed air and he was using it to get high.

{¶3} Appellant was charged with one count of abusing harmful intoxicants. The case proceeded to bench trial in the Fairfield County Municipal Court. Following trial, the court made a finding of guilty from the bench. However, the judgment of conviction and sentence issued by the trial court indicates that appellant entered a plea of guilty. Appellant assigns two errors on appeal:

{¶4} "I. THE TRIAL COURT ERRED IN ADMITTING HEARSAY STATEMENTS AT TRIAL.

{¶5} "II. THERE WAS INSUFFICIENT EVIDENCE TO CONVICT APPELLANT OF ABUSING HARMFUL INTOXICANTS."

I, II

{¶6} As noted in the statement of facts and case, this case appears from the record to have been tried to the bench, as we have a transcript of a bench trial. However, the court's judgment states:

{¶7} "The above named Defendant appeared in Court on 1-18-11, and entered a plea of GUILTY to the charge of ABUSING HARMFUL INTOXICAN (sic), in violation of Section 2925.31 of the Ohio Revised Code/City Ordinance."

{¶8} Following this statement, the form entry includes a series of boxes to be checked for "manner of conviction," with the choices being plea, no contest plea, court trial or jury trial. The trial court did not check a box indicating the manner of conviction was bench trial or plea. The court then goes on to make a finding of guilty and sentence appellant.

{¶9} It appears from the record of the trial that the court's judgment entry incorrectly reflects the manner of conviction. Because a court speaks through its journal, it is imperative that the court's journal reflect the truth. *State ex rel. Worcester v. Donnellon* (1990), 49 Ohio St.3d 117, 118, 551 N.E.2d 183, 184. All litigants have a legal right to have their proceedings correctly journalized. Id. at 119, 551 N.E.2d at 185. Therefore, making an incorrect journal entry is a clear abuse of discretion by the trial court. Id. at 120, 551. N.E.2d 15 185.

{¶10} If in fact the journal entry is correct and appellant did at some point enter a plea of guilty that is not reflected by the transcript in the instant case, both of his assignments of error are waived. A plea of guilty waives all appealable errors which may have occurred at trial, unless such errors are shown to have precluded the

defendant from voluntarily entering into his or her plea pursuant to Crim. R. 11. *State v. Kelley* (1991), 57 Ohio St.3d 127, 128, 556 N.E.2d 658. Therefore, it is imperative that the judgment of conviction and sentence accurately reflect the manner of conviction in this case.

**{¶11}** This cause is accordingly remanded to the Fairfield County Municipal Court with instructions to issue a new judgment of conviction and sentence accurately reflecting the manner of conviction.

By: Edwards, J.

Farmer, J. concurs

Hoffman, P.J. dissents without opinion

_____

_____

_____

JUDGES

JAE/r0729

[Cite as *State v. Agosta*, 2011-Ohio-5090.]

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                           :
                                        :
            Plaintiff-Appellee          :
                                        :
                                        :
-vs-                                    :        JUDGMENT ENTRY
                                        :
BRIAN P. AGOSTA                         :
                                        :
            Defendant-Appellant         :        CASE NO. 11-CA-08


    For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Fairfield County Municipal Court is reversed and remanded to the Fairfield County Municipal Court for further proceedings. Costs assessed to appellee.

_____

_____

_____

JUDGES