JOURNAL ENTRY AND OPINION
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App. R. 11.1 and Loc. R. 11.1.
 {¶ 2} Defendant-appellant, Michael Sneed ("Sneed"), pro se, appeals the trial court's denial of his motion to correct his sentence. Finding merit to the appeal, we remand for correction of the sentencing journal entry.
 {¶ 3} The factual background of this case was previously summarized by this court as follows:
 {¶ 4} "On September 30, 1997, appellant [Sneed] pled guilty to two counts of aggravated vehicular homicide (R.C. 2903.06), five counts of aggravated vehicular assault (R.C. 2903.08), and one count of aggravated vehicular assault (R.C. 2903.08), and one count of driving under the influence (R.C. 4511.19). All of the counts contained a DUI specification (R.C. 2903.07)." See State v. Sneed (Sept. 30, 1999), Cuyahoga App. No. 76250. See, also, State v. Sneed, Cuyahoga App. No. 80902, 2002-Ohio-6502; State v. Sneed, Cuyahoga App. No. 84964,2005-Ohio-1865.
 {¶ 5} At his sentencing hearing in October 1997, the trial court sentenced Sneed to an aggregate of 15½ years in prison and advised him that he would be subject to three years of postrelease control. However, the journal entry *Page 3 
containing his sentencing order merely states that his "sentence includes any extensions provided by law."
 {¶ 6} In April 2008, Sneed moved to correct his sentence, arguing that his sentence was void because the journal entry did not properly advise him of postrelease control. He requested that his sentence be vacated and that he be given a new sentencing hearing. The trial court denied this motion.
 {¶ 7} It is from this decision that Sneed now appeals, raising one assignment of error for our review. In the sole assignment of error, Sneed argues that the trial court erred by failing to comply with the law and notify him of postrelease control in his sentencing entry. As a result, he argues that his sentence must be vacated and he must be resentenced because his sentence is void.
 {¶ 8} The State argues that the trial court's judgment is not void because the court advised Sneed of postrelease control at his guilty plea and sentencing hearings. The State requests that the case be remanded to the trial court so that the journal entry can be corrected by a nunc pro tunc entry.
 {¶ 9} We note that in cases where a defendant was not advised of postrelease control at the sentencing hearing and in the journal entry, the Ohio Supreme Court has held that the defendant is entitled to a de novo sentencing *Page 4 
hearing, provided that the defendant has not completed his sentence SeeState v. Simpkins, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568.
 {¶ 10} However, in the instant case, Sneed was advised at his sentencing hearing that he will be subject to three years of postrelease control, but the sentencing journal entry merely stated the boilerplate language "sentence includes any extensions provided by law."
 {¶ 11} In Ohio, a court speaks through its journal. State ex rel.Worcester v. Donnellon (1990), 49 Ohio St.3d 117, 551 N.E.2d 183. However, it is imperative that the court's journal reflect the truth. Id. The trial court in Worcester was asked to correct a journal entry so that it properly reflected the basis upon which a continuance was granted. After the trial court refused, Worcester sought a writ of mandamus by the Ohio Supreme Court directing the trial court to correct the entry. The supreme court held that: "[a]ll courts have a clear legal duty to have their journals reflect the truth" and "[a]ll litigants have a clear legal right to have the proceedings they are involved in correctly journalized." Id. *Page 5 
 {¶ 12} Furthermore, Crim. R. 36 allows for the correction at any time of clerical mistakes in orders due to oversight or omission. Moreover, App. R. 9(E) provides that: "[i]f any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by that court and the record made to conform to the truth. If anything material to either party * * * is misstated therein, * * * the court of appeals, on proper suggestion, or of its own initiative, may direct that the omission or misstatement be corrected * * *."
 {¶ 13} Clearly, the sentencing journal entry in the instant case does not reflect the truth, which is that Sneed was properly advised that he was subject to three years of postrelease control. Thus, we must remand the matter to the trial court to correct the error in the sentencing journal entry.
 {¶ 14} Accordingly, the first assignment of error is sustained.
 {¶ 15} Judgment is reversed and the case is remanded for the trial court to correct the journal entry to reflect that Sneed is subject to three years of postrelease control upon his release from prison.
It is ordered that appellant recover of said appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. *Page 6 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ANTHONY O. CALABRESE, JR., J., and MARY J. BOYLE, J., CONCUR *Page 1