[Cite as *State v. Tarver*, 2013-Ohio-32.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98768**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ROY V. TARVER

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED; REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-289278

**BEFORE:** Kilbane, J., Stewart, A.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** January 10, 2013

**ATTORNEY FOR APPELLANT**

James R. Willis
323 West Lakeside Avenue
Lakeside Place, Suite 420
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Mary H. McGrath
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

{¶1} This is an accelerated appeal brought pursuant to App.R. 11.1 and Loc.App.R. 11.1.

{¶2} Defendant-appellant, Roy Tarver ("Tarver"), appeals from the trial court judgment denying his "motion to correct illegal sentence." For the reasons that follow, we affirm the trial court's judgment and remand for correction of the sentencing journal entry.

{¶3} In November 1992, Tarver and codefendant, Terrence Woods, were charged with drug trafficking, with a violence specification applying only to Woods. In November 1995, the record reflects that Tarver pled guilty to an amended charge of "attempted drug trafficking with violence specifications," a fourth degree felony. The trial court sentenced Tarver to six months in prison. In August 2010, Tarver appealed to this court. We dismissed the appeal as untimely. *See State v. Tarver*, 8th Dist. No. 95504 (Aug. 18, 2010).

{¶4} Then in June 2012, Tarver filed a "motion to correct illegal sentence," arguing that he should have been convicted of a first degree misdemeanor and not a fourth degree felony because the violence specification applied only to Woods. Tarver attached an affidavit in support of his motion, stating that he was classified as a "career offender" in federal court as a result of this error. Plaintiff-appellee, the state of Ohio ("State"), opposed, arguing primarily that Tarver's claim is barred by res judicata.

Tarver filed a response to the State's brief, including an order from federal court classifying him as a career offender. However, the order did not include his violence specification in its summary of Tarver's criminal history. In July 2012, the trial court denied Tarver's motion.

{¶5} Tarver appeals, raising the following two assignments of error for review.

### ASSIGNMENT OF ERROR ONE

The court erred and due process was denied, when the court summarily denied [Tarver's] "motion to correct an illegal sentence" without collecting any evidence to resolve the parties['] factual dispute.

### ASSIGNMENT OF TWO

The court erred and due process is denied when a court resolves constitutional issues, especially when they involve mixed questions of law and fact, without making any of the factual findings required for a fair resolution of genuine issues.

{¶6} In both assigned errors, Tarver argues the trial court erred when it denied his motion to correct an illegal sentence without conducting a hearing. Tarver claims that he should have been convicted of a first degree misdemeanor and not a fourth degree felony because the violence specification applied only to Woods.[1]

{¶7} Tarver's June 2012 motion was his first challenge to his 1995 conviction and sentence. Tarver could have raised this issue on direct appeal from his sentence or on delayed appeal, but failed to do so. As a result, his claim is barred by res judicata.

---

[1]We note that Tarver pled to an amended charge, and he failed to include a transcript of the guilty plea proceedings.

**{¶8}** Under this doctrine, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial that resulted in that judgment of conviction or on an appeal from that judgment. *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967). It is well established that "any issue that could have been raised on direct appeal and was not is res judicata and not subject to review in subsequent proceedings." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 16. Thus, the first and second assignments of error are overruled.

**{¶9}** However, at appellate oral argument, the State conceded that Tarver's conviction should not have included the violence specification. Notwithstanding the doctrine of res judicata, Crim.R. 36(A) allows for the correction of clerical mistakes in orders due to oversight or omission at any time. Furthermore, App.R. 9(E) allows this court to direct that the misstatement be corrected. *See State v. Sneed*, 8th Dist. No. 91414, 2008-Ohio-5247, ¶ 12; *State v. Simmons*, 1st Dist. No. C-050817, 2006-Ohio-5760, *discretionary appeal not allowed by* 113 Ohio St.3d 1416, 2007-Ohio-1036.

**{¶10}** In the instant case, the sentencing journal entry does not reflect that Tarver was convicted of attempted drug trafficking only. Therefore, we must remand the matter to the trial court to issue a nunc pro tunc entry removing the violence specification in the sentencing journal entry.

**{¶11}** Judgment is affirmed; however, we remand this case to the trial court for further proceedings consistent with this opinion.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, JUDGE

MELODY J. STEWART, A.J., and
EILEEN A. GALLAGHER, J., CONCUR